## MATTER OF PARK

### In Deportation Proceedings

### A-20516396

*Decided by Board June 27, 1974*

An alien who is an *intending* member of the Armed Forces of the United States, who has been found mentally and physically qualified for induction into the army, but who is not at present a member of any branch of the military service of this country, is ineligible for the exemption from the labor certification requirement provided by 8 CFR 212.8(b)(1) for members of the United States Armed Forces.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer.

ON BEHALF OF RESPONDENT: Bert D. Greenberg, Esquire
5670 Wilshire Blvd., Suite 1800
Los Angeles, California 90036

The alien respondent has appealed the November 19, 1973 decision of an immigration judge in which the respondent was found deportable, was found statutorily ineligible for adjustment of status under section 245 of the Immigration and Nationality Act, and was granted the privilege of voluntary departure. The appeal will be dismissed.

The respondent, a native and citizen of Korea, has conceded deportability as a nonimmigrant who has remained beyond the authorized length of his stay. The only issues on appeal involve the application for section 245 relief which the respondent renewed at the hearing below.

The respondent seeks adjustment of status as a nonpreference immigrant. The record indicates that he initially submitted his application (Form I-485) to the Service in February of 1973. The Service rejected the application primarily because the respondent had not established that he was in compliance with the labor certification requirements of the Act. The respondent, however, maintains that he is exempt from the provisions of section

212(a)(14) of the Act by virtue of 8 CFR 212.8(b)(1). That regulation states:

> The following persons are not considered to be within the purview of section 212(a)(14) of the Act and do not require a labor certification: (1) A member of the Armed Forces of the United States ....

The respondent contends that as a person intending to join the Armed Forces he comes within the terms of this regulation. It appears that the respondent has been found mentally and physically qualified for induction into the United States Army. However, he is not at present a member of any branch of the Armed Forces of the United States. The language of the regulation is clear. Since he is only an *intending* member of the military, the exemption from labor certification contained in 8 CFR 212.8(b)(1) does not apply to the respondent.

The respondent nevertheless raises several arguments in favor of the interpretation he suggests. It seems that the various branches of the Armed Services will not enlist an alien unless that alien has been lawfully admitted for permanent residence. The respondent accordingly argues that the regulation is meaningless unless it is construed to apply to intending members of the Armed Forces.

There is no *general* statutory prohibition which prevents an alien who is not a lawful permanent resident from being enlisted in the Armed Forces of the United States. See 10 U.S.C. § 504 (1970). In time of peace the Army and the Air Force are precluded from accepting nonresident aliens as enlistees. 10 U.S.C. §§ 3253, 8253 (1970); see also 10 U.S.C. § 510(b) (1970). However, other than in times of peace, the determination by a given branch of the Armed Services not to accept nonresident aliens appears to be one of internal policy. Although the regulation may appear to be of little or no real consequence at present, it is clearly not meaningless because circumstances and military policy may change, thereby rendering it of considerable significance.

The respondent also raises what appears to be a due process challenge to the denial of his application for section 245 relief. Prior to its rejection of the respondent's application for adjustment of status, the district office involved in this case had evidently treated similarly situated aliens as qualifying for the labor certification exemption contained in 8 CFR 212.8(b)(1). Whether or not this was a Service-wide policy is not clear; however, our reading of the regulation makes it plain that such treatment of intending members of the Armed Forces was inappropriate. As long as the Service is consistent in its future interpretation of this regulation, the respondent will not have been denied due process of law. The conclusion that the respond-

ent is statutorily ineligible for adjustment of status does not represent an arbitrary and capricious handling of this matter; instead, it represents a reasoned change in the interpretation of a regulation. The respondent has been treated fairly. *Compare Fan Wan Keung v. INS*, 434 F.2d 301 (C.A. 2, 1970), with *Santos v. INS*, 375 F.2d 262, 265 (C.A. 9, 1967), and *McDade v. Morton*, 353 F. Supp. 1006, 1012 (D.D.C. 1973).

The respondent has not shown that he is admissible to the United States for permanent residence or that an immigrant visa is immediately available to him. Accordingly, he is statutorily ineligible for section 245 relief. The decision of the immigration judge was correct.

**ORDER:** The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.